# Exhibit "A"

*ADUSA/Manchester CT*

*Salomon, Ricchezza, Singer + Turchi = Defense*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------X
CARLOS MEJIAS,

                    Plaintiff,

     -against-

JASON A. MCIVERY,
LILY TRANSPORTATION CORP., and
RYDER TRUCK RENTAL LT, LLT,

*DOC: 2/9/22*

                    Defendants.
-----------------------------------------------------------X

**SUMMONS**

Plaintiff designates
ORANGE County as the place
of trial.

The basis of the venue is
Situs of Incident

Incident occurred at:
300 Liberty Street at or near
intersection with South Street,
Newburgh, County of Orange,
State of New York

Index No.:
Date Summons &
Complaint Filed:

**To the above named Defendant(s)**

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Port Washington, New York
           October 7, 2022

By:_____
S. Joonho Hong
**Parker Waichman LLP**
*Office & Post Office Address:*
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
Our File # 2201596

TO:    Jason A. Mcivery
        28 Rowley Street
        Agawam, MA 01001

        Lily Transportation Corp.
        145 Rosemary Street
        Needham, MA 02494

        Ryder Truck Rental LT, LLT
        99 Murphy Road
        Hartford, CT 06114

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X
CARLOS MEJIAS,

                        Plaintiff,

-against-

JASON A. MCIVERY,
LILY TRANSPORTATION CORP., and
RYDER TRUCK RENTAL LT, LLT,

                        Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiff, by his attorneys, **Parker Waichman LLP**, complaining of the defendants, alleges, upon information and belief, as follows:

1. At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Orange, State of New York.

2. At all times hereinafter mentioned, and upon information and belief, Defendant Jason A. Mcivery, was and is a resident of the County of Hampden, State of Massachusetts.

3. At all times hereinafter mentioned, defendant Lily Transportation Corp. was and still is a foreign corporation duly authorized and existing under and by virtues of the laws of the State of Massachusetts.

4. Upon information and belief, at all times hereinafter mentioned, Defendant Lily Transportation Corp. was authorized to do business within the State of New York.

5. At all times hereinafter mentioned, defendant Ryder Truck Rental LT, LLT, was and still is a foreign corporation duly authorized and existing under and by virtues of the laws of the State of Delaware.

6. Upon information and belief, at all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT, was authorized to do business within the State of New York.

7. That this action falls within one or more of the exceptions as set forth in CPLR §1602 §1602(1), §1602(2), §1602(3), §1602(4), §1602(5), §1602(6), §1602(7), §1602(8), §1602(9), §1602(10), §1602(11), and §1602(12) of the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant Jason A. Mcivery, was the owner of a tractor bearing Connecticut State registration number 70621A (the "Tractor").

9. Upon information and belief, at all times hereinafter mentioned, Defendant Jason A. Mcivery was the owner of a trailer bearing Maine registration number 3228374 (the "Trailer).

10. At all times hereinafter mentioned, Defendant Jason A. Mcivery was the lessee of the Tractor.

11. At all times hereinafter mentioned, Defendant Jason A. Mcivery was the lessee of the Trailer.

12. At all times hereinafter mentioned, Defendant Jason A. Mcivery managed the Tractor.

13. At all times hereinafter mentioned, Defendant Jason A. Mcivery managed the Trailer.

14. At all times hereinafter mentioned, Defendant Jason A. Mcivery maintained the Tractor.

15. At all times hereinafter mentioned, Defendant Jason A. Mcivery maintained the Trailer.

16. At all times hereinafter mentioned, Defendant Jason A. Mcivery controlled the Tractor.

17. At all times hereinafter mentioned, Defendant Jason A. Mcivery controlled the Trailer.

18. At all times hereinafter mentioned, Defendant Jason A. Mcivery repaired the Tractor.

19. At all times hereinafter mentioned, Defendant Jason A. Mcivery repaired the Trailer.

20. At all times hereinafter mentioned, Defendant Jason A. Mcivery inspected the Tractor.

21. At all times hereinafter mentioned, Defendant Jason A. Mcivery inspected the Trailer.

22. At all times hereinafter mentioned, Defendant Jason A. Mcivery supervised the Tractor.

23. At all times hereinafter mentioned, Defendant Jason A. Mcivery supervised the Trailer.

24. At all times hereinafter mentioned, Defendant Lily Transportation Corp. was the owner of the Tractor.

25. At all times hereinafter mentioned, Defendant Lily Transportation Corp. was the owner of the Trailer.

26. At all times hereinafter mentioned, Defendant Lily Transportation Corp. was the lessee of the Tractor.

27. At all times hereinafter mentioned, Defendant Lily Transportation Corp. was the lessee of the Trailer.

28. At all times hereinafter mentioned, Defendant Lily Transportation Corp. managed the Tractor.

29. At all times hereinafter mentioned, Defendant Lily Transportation Corp. managed the Trailer.

30. At all times hereinafter mentioned, Defendant Lily Transportation Corp. maintained the Tractor.

31. At all times hereinafter mentioned, Defendant Lily Transportation Corp. maintained the Trailer.

32. At all times hereinafter mentioned, Defendant Lily Transportation Corp. controlled the Tractor.

33. At all times hereinafter mentioned, Defendant Lily Transportation Corp. controlled the Trailer.

34. At all times hereinafter mentioned, Defendant Lily Transportation Corp. repaired the Tractor.

35. At all times hereinafter mentioned, Defendant Lily Transportation Corp. repaired the Trailer.

36. At all times hereinafter mentioned, Defendant Lily Transportation Corp. inspected the Tractor.

37. At all times hereinafter mentioned, Defendant Lily Transportation Corp. inspected the Trailer.

38. At all times hereinafter mentioned, Defendant Lily Transportation Corp. supervised the Tractor.

39. At all times hereinafter mentioned, Defendant Lily Transportation Corp. supervised the Trailer.

40. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT was the owner of the Tractor.

41. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT was the owner of the Trailer.

42. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT was the lessee of the Tractor.

43. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT was the lessee of the Trailer.

44. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT managed the Tractor.

45. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT managed the Trailer.

46. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT maintained the Tractor.

47. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT maintained the Trailer.

48. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT controlled the Tractor.

49. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT controlled the Trailer.

50. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT repaired the Tractor.

51. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT repaired the Trailer.

52. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT inspected the Tractor.

53. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT inspected the Trailer.

54. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT supervised the Tractor.

55. At all times hereinafter mentioned, Defendant Ryder Truck Rental LT, LLT supervised the Trailer.

56. At all times hereinafter mentioned, Defendant Jason A. Mcivery was an employee of Defendant Lily Transportation Corp.

FILED: ORANGE COUNTY CLERK 10/07/2022 10:24 AM
Case 5:22-cv-01112-MAD-ML Document 1-11 Filed 10/24/22 Page 9 of 20
NYSCEF DOC. NO. 1

INDEX NO. EF005667-2022
RECEIVED NYSCEF: 10/07/2022

57. At all times hereinafter mentioned, Defendant Jason A. Mcivery was in the course and scope of his employment with Defendant Lily Transportation Corp.

58. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor with the knowledge of Defendant Lily Transportation Corp.

59. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor with the permission of Defendant Lily Transportation Corp.

60. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor with the consent of Defendant Lily Transportation Corp.

61. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Trailer with the knowledge of Defendant Lily Transportation Corp.

62. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Trailer with the permission of Defendant Lily Transportation Corp.

63. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Trailer with the consent of Defendant Lily Transportation Corp.

64. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor and Trailer while in the scope of his employment with Defendant Lily Transportation Corp.

65. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor with the knowledge of Defendant Ryder Truck Rental LT, LLT.

66. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor with the permission of Defendant Ryder Truck Rental LT, LLT.

67. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Tractor with the consent of Defendant Ryder Truck Rental LT, LLT

68. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Trailer with the knowledge of Defendant Ryder Truck Rental LT, LLT.

69. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Trailer with the permission of Defendant Ryder Truck Rental LT, LLT.

70. At all times hereinafter mentioned, Defendant Jason A. Mcivery operated the Trailer with the consent of Defendant Ryder Truck Rental LT, LLT.

71. At all times hereinafter mentioned, Liberty Street in the County of Orange, State of New York, was a public roadway and thoroughfare.

72. At all times hereinafter mentioned, South Street in the County of Orange, State of New York, was a public roadway and thoroughfare.

73. At all times hereinafter mentioned, Plaintiff Carlos Mejias was the operator of a Honda motor vehicle bearing New York State registration number KPN5483 (the "Honda").

74. At all times hereinafter mentioned, Defendants were required to follow the rules of the road.

75. At all times hereinafter mentioned, Defendants were required to follow the rules of the road, including the New York State Vehicle and Traffic Laws.

76. At all times hereinafter mentioned, Defendants were required to follow the rules of the road, including the Federal Motor Carrier Safety Regulations.

77. That on February 9, 2022, the Tractor and Trailer operated by Defendant Jason A. Mcivery and the Honda operated by Plaintiff Carlos Mejias, were in contact.

78. That on February 9, 2022, the Tractor and Trailer operated by Defendant Jason A. Mcivery and the Honda operated by Plaintiff Carlos Mejias, were in contact on Liberty Street, at or near its intersection with South Street, in the County of Orange, State of New York.

79. That on February 9, 2022, the Tractor and Trailer operated by Defendant Jason A. Mcivery and the Honda operated by Plaintiff Carlos Mejias, were in contact while the said Honda was parked on Liberty Street, at or near its intersection with South Street, in the County of Orange, State of New York.

80. That on February 9, 2022, Defendants did not follow the rules of the road.

81. That on February 9, 2022, Defendants did not follow the New York State Vehicle and Traffic Laws.

82. That on February 9, 2022, Defendants did not follow the Federal Motor Carrier Safety Regulations.

83. That on February 9, 2022, Defendants' failure to follow the rules of the road, including the New York State Vehicle and Traffic Laws and Federal Motor Carrier Safety Regulations, caused the subject collision.

84. That as a result of the aforesaid contact, Plaintiff was injured.

85. That the aforesaid occurrence was caused wholly and solely by reason of the negligence, carelessness, recklessness, wanton and gross negligence of the defendants, and without any fault or negligence on the part of the plaintiff contributing thereto.

86. That the negligence of the defendants consisted of operating the aforesaid Tractor and Trailer in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner.

87. Defendants' conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to and callous disregard for human life, safety, and the rights of others, and more particularly the rights, life and safety of the plaintiff.

88. Due to the wanton, reckless, malicious and indifferent conduct of the defendants, plaintiff demands punitive damages against defendants in an amount to be determined at trial.

89. That by reason to the foregoing, plaintiff sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injury to her nervous system; suffered mental anguish, was confined to bed and home and may, in the future, be so confined; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; sustained a loss of quality and/or enjoyment of life, and plaintiff was otherwise damaged.

90. The plaintiff has sustained serious injury as defined in Subdivision (d) of §5102 of the Insurance Law-Recodification of the State of New York.

91. The plaintiff has sustained serious injury and economic loss greater than basic economic loss so as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

92. The plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

93. That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

94. That at all times hereinafter mentioned, Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint herein, as though more fully set forth herein at length.

95. At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, hired employees.

96. At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, hired employees, and more particularly defendant, Jason A. Mcivery.

97. At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, trained its employees.

98. At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, trained its employees, and more particularly defendant, Jason A. Mcivery.

99. At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, managed its employees.

100. At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, managed its employees, and more particularly defendant, Jason A. Mcivery.

101.    At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, controlled its employees.

102.    At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, controlled its employees, and more particularly defendant, Jason A. Mcivery.

103.    At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, supervised its employees.

104.    At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, supervised its employees, and more particularly defendant, Jason A. Mcivery.

105.    At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, managed, controlled and supervised its employees.

106.    At all times hereinafter mentioned, the defendant, Lily Transporation Corp., in its regular course of business, managed, controlled and supervised its employees, and more particularly defendant, Jason A. Mcivery.

107.    Upon information and belief, at all times herein mentioned, Defendant Jason A. Mcivery was incompetent, had vicious propensities, had a bad disposition, and given to horseplay.

108.    Upon information and belief, at all times herein mentioned, Defendant Lily Transportation had knowledge of that fact or facts of Defendant Jason A. Mcivery which would

cause a reasonably prudent employer to investigate the employee's competency, propensities, disposition and/or capacity.

109. Upon information and belief, at all times herein mentioned, Defendant Lily Transportation Corp. could reasonably have anticipated Defendant Jason A. Mcivery's incompetence, propensities, disposition and/or capacity, would be likely to result in injury to others.

110. Upon information and belief, at all times herein mentioned, Defendant Lily Transportation Corp. failed to use reasonable care to correct Defendant Jason A. Mcivery in the course of his employment with Defendant Lily Transportation Corp.

111. Upon information and belief, at all times herein mentioned, Defendant Lily Transportation Corp. failed to use reasonable care to remove Defendant Jason A. Mcivery from employment with Defendant Lily Transportation Corp.

112. The aforesaid incident was due solely to the negligence, carelessness and recklessness of the defendant, Lily Transporation Corp., in its hiring, training, supervision, retention and control of their agents, servants, employees, and more particularly defendant, Jason A. Mcivery, and through no fault or lack of care on the part of the plaintiff.

113. As a direct and proximate result of the causal negligence and carelessness of defendant, Jason A. Mcivery, for which defendant, Lily Transporation Corp., is vicariously liable, plaintiff has been injured and sustained the damages as aforesaid.

114. The aforesaid incident occurred without justification, cause or warrant.

115.   As a result of the aforesaid incident plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Port Washington, NY
October 7, 2022

Yours, etc.

_____
S. Joonho Hong
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
Our File # 2201596

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
: ss :
COUNTY OF NASSAU )

S. Joonho Hong, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am an associate of the firm **Parker Waichman LLP** attorneys for the plaintiff herein. I have read the foregoing Summons and Verified Complaint and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff is that plaintiff resides in a county other than the one in which your deponent's office is maintained.

Dated: Port Washington, NY
October 7, 2022

_____
S. Joonho Hong

Parker Waichman LLP

Index No.
SUPREME COURT OF THE STATE OF NEW
YORK COUNTY OF ORANGE

---

CARLOS MEJIAS

Plaintiff(s),

-against-

JASON A. MCIVERY, LILY TRANSPORTATION CORP. AND
RYDER TRUCK RENTAL LT, LLT,

Defendant(s).

---

### SUMMONS AND COMPLAINT

---

Certification per 22NYCRR §130-1.1a

**S. Joonho Hong**
**Parker Waichman LLP**
*Attorneys for Plaintiff(s)*
**6 Harbor Park Drive**
**Port Washington, NY 11050**
**(516) 466-6500**

To:
Attorney(s) for

---

Service of a copy of the within              is hereby admitted.

Dated:                                       ..............................
                                             Attorney(s) for

---

*PLEASE TAKE NOTICE*
NOTICE OF
ENTRY that the within is a (certified) true copy of a       entered in the office of the Clerk of the within named
        Court on           2019 .

NOTICE      that an Order of which the within is a true copy will be presented to the Hon.          , one of the
OF
SETTLEMENT  judges of the within named Court, at,
     , on
    2019, at    M.

Dated:

                                                    Parker Waichman LLP
                                                    *Attorneys for Plaintiff(s)*

17 of 17

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-----------------------------------------------------------------X

                            Plaintiff/Petitioner,

- against -                                       Index No.

                            Defendant/Respondent.
-----------------------------------------------------------------X

                    **NOTICE OF ELECTRONIC FILING**
                            (Mandatory Case)
                         (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

_____
Name

_____
Firm Name

_____
Address

_____
Phone

_____
E-Mail

To: _____

_____

_____

2/24/20

Index #          Page 2 of 2          EFM-1